## Emeline Drane v. T. J. Lamb.

Married Woman. *Suing alone. Without disclosing coverture. Practice.*
. Under sect. 1788 of the Code of 1871, which provides that a husband and wife
"may sue jointly, or, if he will not join her, she may alone, for the recovery
of any of her property or rights," a married woman may sue alone, as a *feme
sole,* without disclosing her coverture, if her husband refuse to join her, in any
suit "for the recovery of any of her property or rights," and if, in the progress
of the suit, it be objected that she is covert, she may then prove the reason of
the non-joinder of her husband.

Error to the Circuit Court of Sumner County.

Hon. William Cothran, Judge.

The case is stated in the opinion of the court.

*Beall & Holloway,* for the plaintiff in error.

If the husband will not join the wife in a suit for the enforcement of her rights or the recovery of her property, she may sue alone. Code 1871, sect. 1783. And the court below erred in refusing to allow the plaintiff to prove that her husband refused to join her in this suit, and in dismissing the action.

No counsel for the defendant in error.

George, C. J., delivered the opinion of the court.

The plaintiff in error brought a suit before a justice of the peace against Lamb, the defendant in error, and recovered a judgment. Lamb appealed to the Circuit Court. On the trial in that court, whilst the plaintiff in error was testifying in support of her claim, she mentioned the fact that she was then, and also at the institution of the suit, a married woman. The defendant, Lamb, thereupon, and before she was further examined, made an oral motion to the court to dismiss her suit. It was then proposed by her counsel, in answer to said motion, to prove by her that her husband had refused to join with her in bringing the suit; which the court refused. It was then offered " to have her husband come in and join in the suit," and to amend the proceedings accordingly. This also the

court refused, and dismissed the suit; and her counsel excepted, and now assigns this action of the court as error.

The statute (sect. 1783 of the Code of 1871) provides that the husband and wife "may sue jointly, or, if the husband will not join her, she may sue alone, for the recovery of any of her property or rights." We are not informed as to the reason which influenced the court below in declining to give effect to the plain provisions of this section. If it was that there was no mention in the previous proceedings that the plaintiff was a married woman, and that her husband had refused to join in the suit, it is insufficient.

Under the circumstances mentioned in the statute she may sue alone, as if she were a *feme sole.* She need not disclose her coverture; and if she do not, she need not give a reason for the non-joinder of a person whose existence is not shown by the record. If, in the progress of her suit, it be objected that she is covert, and that her husband is not joined, it will be then time enough for her to show the reason of his non-joinder.

Decree reversed and cause remanded.